## STAYTON MIN. Co. *v.* WOODY *et al.*

*(Circuit Court, N. D. California.* May 9, 1892.)

1. FEDERAL JURISDICTION—VALIDITY OF RAILROAD GRANT—ADVERSE HOLDING.
    In ejectment, plaintiff claimed title under a railroad land grant, alleging as ground of federal jurisdiction that defendants denied the validity of the grant. The pleadings and evidence showed that defendants not only asserted the validity of the grant, but themselves claimed title through one holding under the grant. *Held,* that the action must be dismissed for want of jurisdiction.

2. SAME—PLEADINGS.
    An allegation by defendants that G., their predecessor in interest, at a certain time was holding the premises in controversy adversely to S., plaintiff's predecessor in title, who held under the railroad grant, there being no allegation that G. or his successors were so holding adversely to S. at the time the action was brought, was insufficient to show a holding adverse to the grant.

At Law. Action of ejectment by the Stayton Mining Company against M. F. Woody and others. Dismissed for want of jurisdiction.

*Joseph D. Redding,* for plaintiff.

*Carroll Cook, J. E. Foulds,* and *William Hoff Cook,* for defendants.

McKENNA, Circuit Judge. This is an action of ejectment. To justify the jurisdiction of the court the plaintiff alleges that it derives title under an act of congress passed July 27, 1866, entitled "An act granting lands to aid in the construction of a railroad and telegraph line from the states of Missouri and Arkansas to the Pacific coast," (14 U. S. St. p. 292,) and that defendants deny the validity of said act of July, 1866. The defendants, in a preliminary answer, not only directly traverse this allegation, but expressly admit the validity of said act of July, 1866, and, fortifying the answer, allege further a contract of plaintiff with one Griffen, whose successors they allege they are, by which plaintiff agreed to convey to him the title which it should receive from the Southern Pacific Railroad Company, and which it was negotiating for at the time of said contract. The plea of defendants was referred on the 14th day of September, 1891, to S. C. Houghton, Esq., described as a master in chancery, to report his conclusions thereon. The master took testimony, and reported February 8, 1892, "that defendants' plea is good." The plaintiff excepts to the report on the ground that the master's conclusions are not justified by the evidence, and defendants move for its confirmation and a dismissal of the action, and for costs. The parties have stipulated in writing waiving a trial by a jury. I have carefully considered the pleadings, argument of counsel, and the testimony, and concur with the master "that defendants' plea is good," and that this court has no jurisdiction of the action. The evidence shows that the defendants rely for defense not by denying the validity of the act of congress of July 27, 1866, but by asserting its validity; not by denying the title of the Southern Pacific Railroad Company, dependent on said act, but by claiming that title through an agreement with their predecessor in interest, one Griffen. But plaintiff's counsel says defendants claim to hold possession of part of the premises under a mining claim, and ad-

versely to the Southern Pacific Railroad Company and the said acts of congress. I do not so construe the answer. The allegation is that the defendants are in possession of that portion of the premises called the "Cincinnati Mining Claim," and that on the 22d day of July, 1885, one Griffen was holding and claiming the same adversely to the said Southern Pacific Railroad Company; but there is no allegation that Griffen or the defendants, or any of them, were holding adversely to the Southern Pacific Railroad Company when the action was brought, or to anybody except to the plaintiff, and only on account of the said contract. The allegation was manifestly meant as a limitation of defendants' possession, and as inducement or explanation of the contract. Besides, Mr. Cook testifies that the defense to the action will be on the ground, and no other than, the existence and effect of such contract with Griffen. It is ordered, therefore, that the action be dismissed, and defendants have judgment for costs.